UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60575-RUIZ/STRAUSS

**INGRID PRINCE**,

    Plaintiff,

v.

**IDES**, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** comes before me *sua sponte*. The District Court has referred the case to me for rulings on all pre-trial, non-dispositive matters and for issuance of a Report and Recommendation on any dispositive matters pursuant to 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and the Magistrate Rules of the Local Rules of the Southern District of Florida ("Referral"). (DE 9). Pursuant to the Referral, I issued an Order to Show Cause directing Plaintiff, in part, to show cause why I should not recommend dismissal of this action as to Defendants IDES, Trinity, Chelsea Doe and Terry Doe ("Unserved Defendants") should they remain unserved as of June 14, 2021. (DE 10). For reasons discussed below, I respectfully **RECOMMEND DISMISSAL** of the Unserved Defendants.[1]

    **I.    BACKGROUND**

On March 15, 2021, Plaintiff filed Plaintff[ ] Prince[']s Complaint for Temporary Restraining Order Against Declaratory and Injunctive Relief ("Complaint"). (DE 1). The Complaint seeks, in part, to enjoin state government employees and agencies from "obstruct[ing]

---

[1] Simultaneous with the issuance of this Report and Recommendation, I am separately issuing an Order directing Defendant DEO, who has been served, to respond.

the processing of [P]laintiff['s] unemployment application" as well as her application for federal pandemic benefits.  *Id.* at 1-2; 21-22.  The Complaint names as Defendants: IDES (Illinois Department of Economic Security), DEO (Florida Department of Economic Opportunity), Trinity in her individual capacity, Chelsea Doe in her individual capacity and Terry Doe in her individual capacity.  *Id.*

On April 13, 2021, a Return of Service was filed indicating that Defendant DEO was served on April 8, 2021.  (DE 5).  Also, on April 13, 2021, Plaintiff filed a form Complaint and Request for Injunction, which the Clerk of Clerk identified as an amended complaint on June 7, 2021 ("Amended Complaint").  (DE 6).  Among other requested relief, the Amended Complaint, like the initial Complaint, seeks to enjoin Defendants from allegedly hampering her applications for unemployment and pandemic benefits; however, the Amended Complaint lists only the two government agencies as Defendants – DEO and IDES.[2]  *Id.* at 1-2, 6.

On April 20, 2021, the District Court issued an Order Requiring Combined Responses of *all* Defendants ("Order for Combined Responses").  (DE 8).  The Order for Combined Responses noted that Defendant Florida Department of Economic Opportunity ("DEO") had been served but that "no proof of service for the [Unserved Defendants] ha[d] been filed."[3]  *Id.*  Furthermore, on April 20, 2021, the District Court issued an Order to Perfect Service requiring Plaintiff to perfect service upon the Unserved Defendants "or to show good cause [by June 14, 2021] as to why the claims against those Defendants should not be dismissed for failure to perfect service of process."  (DE 7).  The Order to Perfect Service warned Plaintiff that failure to file proof of service or show

---

[2] The Exhibits attached to the Amended Complaint are the same exhibits attached to the initial Complaint except that the Amended Complaint omits Exhibit 7.  (DE 1-2; DE 6 at 8-16).

[3] The Order for Combined Responses also directed that Defendant DEO *not* file a response until the Remaining Defendants have been served with process.  *Id.*

2

cause would result in dismissal without prejudice. *Id.* Plaintiff did not respond to the Order to Perfect Service.

On June 8, 2021, I issued an Order to Show Cause directing Plaintiff to respond by June 21, 2021 as to whether Plaintiff intended that the Amended Complaint serve, in fact, as an amended complaint and to show cause why I should not recommend dismissal of this action against the Unserved Defendants if they remained unserved as of June 14, 2021. (DE 10). The Order to Show Cause directed the Clerk of Court to mail to Plaintiff: (i) a copy of the Order to Perfect Service (DE 7); (ii) the Order for Combined Responses (DE 8); (iii) the Order to Show Cause; and (iv) the Docket. (DE 10 at ¶ 3). The Clerk filed a notice of compliance on June 8, 2021. (DE 11). Plaintiff has not responded to the Order to Show Cause.

## II.  LEGAL STANDARDS

"If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "Good cause 'exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Dixon v. Fla.*, No. 18-81561-CIV, 2019 WL 11641439, at *1 (S.D. Fla. May 10, 2019), *aff'd sub nom. Dixon v. Blanc*, 796 F. App'x 684 (11th Cir. 2020) (quoting *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).

## III.  DISCUSSION

Here, the 90-day period for Plaintiff to have served Defendants in compliance with Federal Rule of Civil Procedure 4(m) ended on June 14, 2021. Plaintiff failed to serve the Unserved

3

Defendants by June 14, 2021 and failed respond to the Court's Order to Perfect Service. Additionally, Plaintiff failed to respond the Court's Order to Show Cause. Therefore, despite two Court orders directing Plaintiff to serve the subject Defendants or to show cause why the Defendants should not be dismissed, Plaintiff has still not served the Defendants nor provided any explanation for her failure to perfect service, let alone shown good cause for the failure.[4] Accordingly, I conclude that Defendants IDES, Trinity, Chelsea Doe and Terry Doe should be dismissed.

## IV.    CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that this action be **DISMISSED** without prejudice against Defendants IDES, Trinity, Chelsea Doe and Terry Doe.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28

---

[4] An additional reason to dismiss the individual Defendants is that they were dropped from the Amended Complaint. "[A]n amended complaint supersedes the initial complaint unless the amended complaint 'specifically refers to or adopts' the initial complaint." *Schreane v. Middlebrooks*, 522 F. App'x 845, 848 (11th Cir. 2013) (citing *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir.1982). The Amended Complaint does not refer to the initial Complaint. As described above, the Amended Complaint is on a form titled "Complaint and Request for Injunction," and the Clerk subsequently identified it as an amended complaint. Plaintiff failed to respond to the Order to Show Cause to clarify whether Plaintiff intended the Amended Complaint to be filed as an amended complaint. Therefore, I construe the Amended Complaint as an amended complaint, which supersedes the initial Complaint and drops the individual Defendants.

U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida on this 23rd day of June 2021.

Furthermore, it is hereby

**ORDERED and ADJUDGED** that the Clerk of the Court shall mail to Plaintiff a copy of this Report and Recommendation and shall file a notice of compliance immediately thereafter.

**DONE AND ORDERED** in Fort Lauderdale, Florida on this 23rd day of June 2021.

*[signature]*
**Jared M. Strauss**
**United States Magistrate Judge**

Copies furnished via CM/ECF to:

Hon. Rodolfo A. Ruiz, II
Counsel of record

Copy via mail to:

Ms. Ingrid Prince
P.O. Box 192344
Miami Beach, Florida 33119
PRO SE