UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60575-RUIZ/STRAUSS

**INGRID PRINCE**,

    Plaintiff,

v.

**IDES,** *et al.*,

    Defendants.

_____/

## ORDER DENYING MOTION FOR ZOO[M] HEARING

**THIS CAUSE** has come before me upon Plaintiff's Motion for Zoo[m] Hearing ("Motion for a Hearing"). (DE 21). The District Court has referred this case to me for rulings on all pre-trial, non-dispositive matters and for the issuance of a Report and Recommendation on any dispositive matters pursuant to 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and the Magistrate Rules of the Local Rules of the Southern District of Florida. (DE 9). For reasons stated herein, Plaintiff's Motion for a Hearing is **DENIED**.

On August 6, 2021, Plaintiff filed the instant motion[1] stating that she would appear on August 18, 2021 at 9:00 a.m.[2] to be heard on her motion for a temporary restraining order and

---

[1] Plaintiff also filed on August 6, 2021 a Motion for Electronic Filing noting that she has not been timely receiving mail from the Court. (DE 20; DE 21). The Motion for Electronic Filing was denied as Plaintiff is required to file conventionally and must complete the proper form to receive orders, notices and other documents via email. *See* DE 22.

[2] The Court construes Plaintiff's Motion for a Hearing as a request for not only a hearing, but also for a hearing on a specific date and at a specific time.

injunctive relief.³ (DE 21). The subject motion warrants denial for lack of compliance with Local Rules.

First, Plaintiff's Motion for a Hearing does not include the information required by Local Rule 7.1(b)(2), which provides that a party desiring "a hearing of any motion shall . . . set forth in detail the reasons why a hearing is desired and would be helpful to the Court and shall estimate the time required for argument." S.D. Fla. L.R. 7.1(b)(2). Here, Plaintiff does not explain why a hearing is desired, does not explain how a hearing would be helpful to the Court and does not estimate the time required for argument. Rather, Plaintiff simply requests a hearing without explanation and states that she shall appear at a specific date and time. (DE 21). Thus, the motion not only violates the Local Rules, but it also fails to provide any basis for granting the requested relief.

Second, the motion does not contain a certification of conferral in accordance with Local Rule 7.1(a)(3), which states that "[p]rior to filing any motion in a civil case [with exceptions not applicable here], counsel for movant [or movant if pro se]⁴ shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be

---

³ Plaintiff attaches to her Motion for a Hearing a copy of the motion that she references as the subject of the requested hearing. (DE 21 at 2). The motion that Plaintiff references, which was filed on April 13, 2021, has been construed by the Court to be an amended complaint ("Amended Complaint"). *See* DE 6. The Court issued an Order to Show Cause on June 8, 2021 requiring Plaintiff to respond by June 21, 2021 as to whether the motion she now references was an amended complaint. (DE 10). Plaintiff did not respond. On June 23, 2021, I issued a Report and Recommendation recommending the dismissal of Defendants IDES, Trinity, Chelsea Doe and Terry Doe, which stated that I construed the Amended Complaint (DE 6) as an amended complaint. (DE 12 at n. 4). Plaintiff did not respond or object to the Report and Recommendation. On July 14, 2021, the District Court adopted the Report and Recommendation. (DE 14). As such, the motion to which Plaintiff refers in her Motion for a Hearing has been affirmed as an Amended Complaint. (DE 6).

⁴ Local Rule 1.1 states that "the word 'counsel' shall be construed to apply to a party if that party is proceeding pro se." S.D. Fla. L.R. 1.1.

affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." S.D. Fla. L.R. 7.1(a)(3). Further, the rule requires that the movant include "[a]t the end of the motion, and above the signature block" a certification regarding the conferral as further detailed in the rule. *Id.* Here, the motion does not contain the required certification that movant has engaged in conferral efforts with parties affected by the motion.

A party's failure to comply with the Local Rules provides grounds to deny outright a request for relief. *Feinschreiber v. Ocwen Loan Servicing, LLC*, No. 1:18-CV-22381-JLK, 2019 WL 4694301, at *2 (S.D. Fla. Feb. 26, 2019) (collecting cases). Furthermore, "although [courts] give liberal construction to the pleadings of pro se litigants, 'we nevertheless have required them to conform to procedural rules.'" *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir.2002)).

Here, Plaintiff has failed to comply with the Local Rules. Moreover, in failing to comply with the Local Rules, Plaintiff has also failed to sufficiently describe and explain a basis for the Court to grant the relief she requests.

Accordingly, it is hereby

**ORDERED and ADJUDGED** that:

1. Plaintiff's Motion for a Hearing is **DENIED** without prejudice;

2. Plaintiff may renew her motion in compliance with the Local Rules; and

3. The **CLERK** is **ORDERED** to mail Plaintiff a copy of this Order and to file a notice of compliance promptly thereafter.

**DONE AND ORDERED** in Fort Lauderdale, Florida on this 11th day of August 2021.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

Hon. Rodolfo A. Ruiz, II

Ingrid Prince
P.O. Box 192344
Miami Beach, FL 33119
PRO SE

All Counsel of Record