## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-CV-60575-RUIZ/STRAUSS

**INGRID PRINCE**,

     Plaintiff,

v.

**IDES,** *et al.*,

     Defendants.

_____/

### REPORT AND RECOMMENDATION

**THIS MATTER** comes before me on Defendant, Florida Department of Economic Opportunity's ("DEO's") Motion to Dismiss Plaintiff's Complaint and Request for Injunction ("Motion to Dismiss").  (DE 17).  The District Court has referred the case to me for rulings on all pre-trial, non-dispositive matters and for issuance of a Report and Recommendation on any dispositive matters pursuant to 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and the Magistrate Rules of the Local Rules of the Southern District of Florida ("Referral").  (DE 9).  For reasons discussed below, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED.**

### I.   BACKGROUND

#### a.   Procedural History

On March 15, 2021, Plaintiff filed Plaintiff[ ] Prince[']s Complaint for Temporary Restraining Order Against Declaratory and Injunctive Relief ("Complaint").  (DE 1).  The Complaint sought, in part, to enjoin state government employees and agencies from "obstruct[ing] the processing of [P]laintiff['s] unemployment application" as well as her application for federal pandemic benefits.  *Id.* at 1-2; 21-22. The Complaint named as Defendants: Illinois Department of

Economic Security ("IDES"), DEO, Trinity Doe in her individual capacity, Chelsea Doe in her individual capacity and Terry Doe in his individual capacity. *Id.* at 1, 4-5.[1]

On April 13, 2021, a Return of Service was filed indicating that Defendant DEO was served on April 8, 2021. (DE 5). Additionally, on April 13, 2021, Plaintiff filed a form Complaint and Request for Injunction, which the Clerk of Court identified as an amended complaint on June 7, 2021 ("Amended Complaint"). (DE 6). Among other requested relief, the Amended Complaint, like the initial Complaint, seeks to enjoin Defendants from allegedly hampering her applications for state and federal unemployment benefits and COVID-19 pandemic benefits; however, the Amended Complaint lists only the two government agencies – DEO and IDES – as Defendants.[2] *Id.* at 1-2, 6.

On April 20, 2021, the District Court issued its Order Requiring Combined Responses. (DE 8). The Order Requiring Combined Responses noted that Defendant DEO had been served but that "no proof of service for the [Unserved Defendants] ha[d] been filed." *Id.* The Order also directed Defendant DEO not to file a response until the Unserved Defendants had been served with process. *Id.* That same day, the District Court also issued an Order to Perfect Service requiring Plaintiff to perfect service upon the Unserved Defendants "or to show good cause [by June 14, 2021] as to why the claims against those Defendants should not be dismissed for failure to perfect service of process." (DE 7). The Order to Perfect Service warned Plaintiff that failure to file proof of service or show cause would result in dismissal without prejudice. *Id.* Plaintiff did not respond to the Order to Perfect Service.

---

[1] Defendants IDES, Trinity Doe, Chelsea Doe, and Terry Doe will be referred to, collectively, as "Unserved Defendants."
[2] The Exhibits attached to the Amended Complaint are the same exhibits attached to the initial Complaint except that the Amended Complaint omits Exhibit 7. (DE 1-2; DE 6 at 8-16).

On June 8, 2021, I issued an Order to Show Cause directing Plaintiff to respond by June 21, 2021 as to whether Plaintiff intended that the Amended Complaint serve, in fact, as an amended complaint and to show cause why I should not recommend dismissal of this action against the Unserved Defendants if they remained unserved as of June 14, 2021.  (DE 10).  The Order to Show Cause directed the Clerk of Court to mail to Plaintiff: (i) a copy of the Order to Perfect Service (DE 7); (ii) the Order Requiring Combined Responses (DE 8); (iii) the Order to Show Cause; and (iv) the Docket.  (DE 10 at ¶ 3).  The Clerk filed a notice of compliance on June 8, 2021.  (DE 11).  Plaintiff did not respond to the Order to Show Cause.

On June 23, 2021, I issued a Report and Recommendation, recommending the dismissal of the action, without prejudice, against the Unserved Defendants.  (DE 12).  This Report and Recommendation was later adopted by the District Court on July 14, 2021.  (DE 14).  Simultaneous with issuance of the Report and Recommendation, I also issued an Order to Respond to Complaint directing DEO, the lone remaining Defendant, to respond to Plaintiff's Amended Complaint.  (DE 13).  Before discussing DEO's response, I will describe Plaintiff's Amended Complaint in more detail.

### b.  <u>The Amended Complaint</u>

On April 13, 2021, Plaintiff filed an Amended Complaint naming DEO and IDES as Defendants. (DE 6).  Plaintiff stated that the basis for jurisdiction was diversity of citizenship between herself (a citizen of Florida) and IDES (which is in Illinois).  *Id.* at 3-4.  In the Amended Complaint, Plaintiff claimed that employees working for IDES and DEO "cyberstalked" her by utilizing their government jobs to gain access to her government records, "fraudulently alter" those records, delete her unemployment claims, and "disrupt" her state and federal unemployment benefits and pandemic benefits.  *Id.* at 4-5.  Specifically, Plaintiff claimed that she applied for the

benefits, but the Defendants "delet[ed]" or "tamper[ed]" with her applications. *Id.* at 6. Plaintiff also claimed that the Defendants "retaliated" against her for reporting and filing complaints against employees of the Defendants. *Id.* at 4. According to Plaintiff, she was entitled to a minimum of $300.00 a week in state unemployment benefits and $600.00 a week in federal unemployment benefits. *Id.* at 5. Thus, Plaintiff argued that she is entitled to those benefits retroactively from the date of original filing, punitive damages, costs and fees associated with the case, and any other relief that the court deems just. *Id.* at 6.

In support of her claims, Plaintiff appended six exhibits to the Amended Complaint. Plaintiff's second exhibit is an online printout from DEO which provided Plaintiff notice that her application for Reemployment Assistance Benefits was incomplete because DEO was unable to authenticate her identity. (DE 6-2). Plaintiff's third exhibit provided confirmation that her Reemployment Assistance Program application was submitted on June 15, 2020. (DE 6-3). Then, Plaintiff's sixth exhibit informed Plaintiff that, as of June 28, 2020, her application for Reemployment Assistance benefits was incomplete. (DE-6). The exhibit further noted that if she did not complete her application by July 4, 2020, her application would be deleted. (DE 6-6). Plaintiff argues that reading her third exhibit in conjunction with her sixth exhibit provides proof that her application was "deliberately deleted." *Id.*

### c. **DEO's Motion to Dismiss**

On July 13, 2021, DEO filed its Motion to Dismiss Plaintiff's Complaint and Request for Injunction ("Motion to Dismiss"). (DE 17). In the Motion to Dismiss, DEO argues that: (1) Plaintiff's suit is barred by the Eleventh Amendment of the United States Constitution because DEO, a state entity, is immune from such suits in federal court; (2) if the District Court adopts my previous Report and Recommendation, Plaintiff's suit should be dismissed for lack of subject

matter jurisdiction because diversity of citizenship would be eroded;[3] and (3) Plaintiff's Complaint

does not comply with Federal Rule of Civil Procedure 8(a) because it fails to state a claim upon

which relief can be granted.  *Id.* at 2-3.

## II.   **LEGAL STANDARDS**

At the pleading stage, a complaint must contain "a short and plain statement of the claim

showing the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  Although Rule 8(a) does not

require "detailed factual allegations," it does require "more than labels and conclusions"; a

"formulaic recitation of the cause of action will not do."  *Bell Atl. Corp v. Twombly*, 550 U.S. 544,

555 (2007).  To survive a Rule 12(b)(6) motion to dismiss, "factual allegations must be enough to

raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief

that is plausible on its face."  *Id.* at 555, 570.  However, "pro se complaints are held to 'less

stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure

to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief.'"  *Spells v. Mitchell*, 08-60453-CIV-ZLOCH, 2008 WL

1925260, at *1 (S.D. Fla. Apr. 30, 2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1979)).

When considering a motion to dismiss, the court's review is generally "limited to the four

corners of the complaint."  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009)

(quoting *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)); *see Lopez-Lima v.*

*Boehringer Ingelheim Pharm. Inc.*, 10-22398-CIV UNGARO, 2010 WL 11553430, at *1 (S.D.

Fla. Oct. 13, 2010) (stating that the court may also consider exhibits attached to the complaint).  In

reviewing the complaint, the court must do so in the light most favorable to the plaintiff, and it

---

[3] DEO made this argument on July 13, 2021, a day before the District Court adopted my Report
and Recommendation. (DE 14, 17).

must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). Thus, this Court "must read the complaint to include any theory on which [the pro se plaintiff] can recover." *Humphrey v. United Parcel Serv. Co.*, 05-20283-CIV, 2005 WL 5671450, at *1 (S.D. Fla. Dec. 21, 2005). Nevertheless, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts . . . will not prevent dismissal." *Id.*; *see also Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (stating that although courts have given "liberal construction" to the pleadings of pro se litigants, they are required to conform to procedural rules).

## III.   ANALYSIS

### a.   Subject Matter Jurisdiction

"Federal courts have limited subject-matter jurisdiction, and the party invoking the court's jurisdiction bears the burden of proving it exists." *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1302 (S.D. Fla. 2016). "The diversity jurisdiction statute applies to actions between '(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States.'" *Id.* (citing 28 U.S.C. § 1332(a)). Diversity jurisdiction does not exist unless "each party falls into one of the categories in 28 U.S.C. § 1332(a)." *Id.* "Where jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants." *Univ. of S. Ala. v. Amer. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). "Moreover, it is well established that a state is not a citizen of a state for the purpose of diversity jurisdiction under 28 U.S.C. § 1332." *Id.* (citing *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973)). Thus, because a state does not fall into any of the

categories in 28 U.S.C. § 1332(a), "[d]iversity jurisdiction does not exist when a state or the arm of a state is a party." *Orchid Quay*, 178 F. Supp. 3d at 1302. To determine whether an entity is acting as an "arm of the state," courts must evaluate the following four factors: "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." *U.S. ex rel. Lesinski v. S. Florida Water Mgmt. Dist.*, 739 F.3d 598, 602 (11th Cir. 2014).

Here, I conclude that the DEO is unquestionably an arm of the state. The Florida Statutes describe DEO and various other departmental agencies as the principle administrative units of the executive branch. *See* Fla. Stat. § 20.04(1). DEO is charged with, among other things, implementing and appropriately administering Florida's reemployment assistance program. *See* Fla. Stat. § 20.60(5)(c)3. The head of DEO is appointed by the Governor and "serve[s] at the pleasure of and report[s] to the Governor." Fla. Stat. § 20.60(2). DEO derives its funds from the Administrative Trust Fund that was statutorily created to support DEO's functions. *See* § 20.605(2). And finally, judgments against DEO are paid by the statutorily created State Risk Management Trust Fund. *See* Fla. Stat. § 284.30.

Given the above conclusion, diversity cannot form the basis upon which this Court may exercise subject matter jurisdiction. *Univ. of S. Ala. v. Amer. Tobacco Co.*, 168 F.3d at 411. Moreover, even if DEO were a citizen of a state, it would be a citizen of Florida; thus, there would be no diversity between Plaintiff and DEO. Therefore, Plaintiff's claim must be dismissed.

### b. Eleventh Amendment

I also find that the Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment states that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted

against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State."  U.S. Const., amend XI.  "The Supreme Court has extended this protection to also bar suits against a state in federal court brought by the state's own citizens."  *Stanley v. Israel*, 843 F.3d 920, 924 (11th Cir. 2016) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)).  "It is also well-settled that Eleventh Amendment immunity bars suits brought in federal court when the State itself is sued and when an 'arm of the State' is sued."  *See Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003).  The analysis regarding whether an individual or entity is an "arm of the State" is the same under the Eleventh Amendment as it is when determining diversity of jurisdiction.  *See Coastal Petroleum Co. v. U.S.S. Agri-Chemicals, A Div. of U. S. Steel Corp.*, 695 F.2d 1314, 1318 (11th Cir. 1983).

Additionally, "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit."  *Abusaid v. Hillsborough Cnty. Bd. of Cnty. Com'rs*, 405 F.3d 1298, 1313 (11th Cir. 2005) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).  "Thus . . . a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."  *Id.*

I conclude that this suit is barred under the Eleventh Amendment because DEO was acting as an arm of the State.  Again, the analysis of whether DEO is an arm of the state for purposes of the Eleventh Amendment is the same as the analysis of the same question in determining subject matter jurisdiction, and I conclude that it is for the same reasons as stated above.  *See Coastal Petroleum Co.*, 695 F.2d at 1318.  Although immunity under the Eleventh Amendment may be waived, there are no facts to indicate that such a waiver exists in this case.  *See Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 618 (2002) (holding that a state waived Eleventh

Amendment protection where it voluntarily agreed to removal).  Additionally, the fact that Plaintiff seeks to impose liability on DEO that must be paid from public funds in the State treasury further cements the conclusion that the Eleventh Amendment bars Plaintiff's suit. *See Abusaid*, 405 F.3d at 1313; *see also* Fla. Stat. § 284.30 (confirming that judgments against the DEO are paid out of Florida's Risk Management Trust Fund).

### c.  <u>Failure to State a Claim Upon Which Relief Can Be Granted</u>

Even if the Court has subject matter jurisdiction, and even if the suit is not barred by the Eleventh Amendment, I also find that Plaintiff fails to state a claim upon which relief can be granted.  As stated above, Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).  Typically, courts afford a liberal construction to pro se pleadings "and hold them to 'less stringent standards' than" the pleadings that lawyers draft.  *See Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).  "However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Taylor v. Polhill*, 964 F.3d 975, 981 (11th Cir. 2020) (quoting *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)).

I find that dismissal is warranted because Plaintiff's Complaint contains mostly conclusory allegations and unwarranted deductions of facts, particularly as to DEO.  *See Taylor*, 964 F.3d at 981.  Here, the sole basis of Plaintiff's Complaint is that the defendants "cyberstalked" her by gaining access to her records, altering or tampering with those records, and deleting her unemployment claims.  Notably, however, Plaintiff appears to allege that the primary culprits are IDES and its employees, who have been dismissed from this case. (DE 14).  Even if Plaintiff alleged these cyberstalking claims against DEO, it is unclear whether they have any factual or legal support.  Under Florida law, an individual commits the offense of "cyberstalk[ing]" when they (1)

"engage in a course of conduct to communicate, or to cause to be communicated, directly or indirectly, words, images, or language by or through the use of electronic mail or electronic communication, directed at or pertaining to a specific person" or (2) "access, or attempt to access, the online accounts or Internet-connected home electronic systems of another person without that person's permission, causing substantial emotional distress to that person and serving no legitimate purpose." Fla. Stat. § 784.048. Here, Plaintiff's claims must fail because she has not alleged that DEO has communicated emotionally distressing electronic messages toward her or anyone else nor accessed the online accounts "of another person." Rather, Plaintiff's claims allege that DEO employees accessed unspecified Government records. Further, she fails to allege that such access was without permission or that it caused substantial emotional distress.

Accordingly, I conclude that Plaintiff's claims against DEO must be dismissed.

## IV.   **CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that this action be **DISMISSED** with prejudice against Defendant DEO.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida on this 1st day of November 2021.

Furthermore, it is hereby

**ORDERED and ADJUDGED** that the Clerk of the Court shall mail to Plaintiff a copy of this Report and Recommendation and shall file a notice of compliance immediately thereafter.

**DONE AND ORDERED** in Fort Lauderdale, Florida on this 1st day of November 2021.

Jared M. Strauss
United States Magistrate Judge

Copies furnished via CM/ECF to:

Hon. Rodolfo A. Ruiz, II
Counsel of record

Copy via mail to:

Ms. Ingrid Prince
P.O. Box 192344
Miami Beach, Florida 33119
PRO SE