UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-60575-RAR

**INGRID PRINCE**,

    Plaintiff,

v.

**IDES**, *et al.*,

    Defendants.

_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Jared M. Strauss's Report and Recommendation [ECF No. 27] ("Report"), filed on November 1, 2021. The Report recommends that Defendant Florida Department of Economic Opportunity's Motion to Dismiss Plaintiff's Complaint and Request for Injunction ("Motion to Dismiss") [ECF No. 17] be **GRANTED**. *See* Report at 1. The Report properly notified the parties of their right to object to Magistrate Judge Strauss's findings and the consequences for failing to object. *Id.* at 10. The time for objections has passed and neither party filed any objections to the Report.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). However, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It

does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Because no party has filed an objection to the Report, the Court did not conduct a *de novo* review of Magistrate Judge Strauss's findings. Rather, the Court reviewed the Report for clear error. Finding none, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 27] is **AFFIRMED AND ADOPTED**.

2. Defendant Florida Department of Economic Opportunity's Motion to Dismiss [ECF No. 17] is **GRANTED** and this action is **DISMISSED** *with prejudice*.[1]

3. The Clerk is instructed to **CLOSE** the case.

4. All pending motions are **DENIED** as **MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of November, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court has previously dismissed all other Defendants (Illinois Department of Economic Security, Trinity, Chelsea Doe, and Terry Doe) in this matter. *See* [ECF No. 14].